WILLIAM ACKERMAN, an Infant, by BERTHA ACKERMAN, His Guardian ad Litem, Respondent, v. GEROULD T. LANE and IRENE W. LANE, His Wife, Appellants.— Judgment affirmed, with costs. Memorandum: We cannot say that the jury's determination of the questions of fact as to the time of the accident, the alleged negligence by the defendant Irene W. Lane and the infant-plaintiff's freedom from fault were against the weight of evidence. Nor do we find an erroneous ruling by which the defendants' rights were prejudiced. All concur. (The judgment is for plaintiff in an automobile negligence action.) Present — Sears, P. J., Crosby, Lewis, Cunningham and Taylor, JJ.

BERTHA ACKERMAN, Respondent, v. GEROULD T. LANE and IRENE W. LANE, His Wife, Appellants.— Same decision and like cause of action as in companion case last above. Present — Sears, P. J., Crosby, Lewis, Cunningham and Taylor, JJ.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. HARRY LEHMAN, Appellant, v. WILLIAM HUNT, as Warden of Attica State Prison, Attica, New York, Respondent. — Motion for a reargument denied. Present — Sears, P. J., Crosby, Lewis, Cunningham and Dowling, JJ.

In the Matter of the Petitions of T. WINSPUR ALLEN.— Petition No. 1: Petition dismissed. Memorandum: We find nothing new in the papers to warrant further action on the part of this court. Petition No. 2: Petition dismissed. Memorandum: We find nothing in the papers to warrant action on the part of this court. All concur. Present — Sears, P. J., Crosby, Lewis, Taylor and Dowling, JJ. [See 254 App. Div. 824; 255 id. 752.]

In the Matter of the Appointment of Official Referees of the Supreme Court.— Hon. Clayton I. Miller of Pulaski, and Hon. Edward N. Smith of Watertown, appointed as official referees of the Supreme Court. Present — Sears, P. J., Crosby, Lewis, Cunningham, Taylor and Dowling, JJ.

## (January 11, 1939.)

GULF OIL CORPORATION, Respondent, v. HAROLD DOUGHERTY and ALBERT DOUGHERTY, Appellants.— Judgment and order affirmed, with costs. Memorandum: The defendants may not claim that there was any extension of the time of payment or change in the terms of the original notes, as a consideration for the giving of the second set of notes, because as to the notes contained in the second set each matured at the same time as the corresponding note in the first set and each contained the same terms. The notes contained in the second set must be deemed to be in accordance with the understanding and agreement of the parties and to mature on the respective dates so agreed upon. These notes having been destroyed in a fire, the defendants did not have the right to demand security therefor before paying them as they became due. (*Des Arts* v. *Leggett*, 16 N. Y. 582; *Hoxie* v. *Kennedy*, 46 Hun, 675; 10 N. Y. St. Repr. 786; *Scott* v. *Meeker*, 20 Hun, 161.) Any promise to give security after the second set of notes had been delivered did not operate as an extension of the time of payment of such notes, as there was not any consideration for such promise. (*Central Hanover B. & T. Co.* v. *Romer Holding Co., Inc.*, 234 App. Div. 419; *Syracuse Trust Co.* v. *First Trust & Deposit Co.*, 239 id. 586.) Therefore, the failure to pay the notes at maturity constituted a material breach of the contract between the parties,